**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-80134-CR-CANNON**

**UNITED STATES OF AMERICA**

v.

**CHRISTINE PAWLAK,**

      **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE AS TO COUNT ONE

**THIS MATTER** is before the Court upon Motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") on Count One against Defendant **CHRISTINE PAWLAK** (the "Defendant").[1] The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On September 1, 2021, the United States filed an Information charging the Defendant with (1) one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count 1), and (2) one count of conspiracy to make a false statement related to health care matters, in violation of 18 U.S.C. § 371 (Count 2) [ECF No. 1]. The Information also alleges, as a matter of forfeiture pursuant to 18 U.S.C. § 982(a)(7), that upon conviction of a violation of 18 U.S.C. §§ 1349 or 371, the Defendant shall forfeit any property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense [ECF No. 1 p. 10].

On November 30, 2021, the Court adopted the Report and Recommendation on

---

[1] Defendant did not file a response to this Motion, and the time to do so has expired.

Defendant's guilty plea to Counts 1 and 2 of the Information [ECF No. 24; ECF No. 15; ECF No. 16 (plea agreement)]. As part of the guilty plea, the Defendant agreed to a "forfeiture money judgment" in the amount "equal in value to the gross proceeds" that she obtained, "which are traceable to the commission of the violation to which she agrees to plead guilty herein" [ECF No. 16 ¶ 17].

The Defendant also executed a Factual Proffer in support of the guilty plea [ECF No. 16]. As stipulated, beginning in or around April 2016 through in or around October 2020, the Defendant knowingly and willfully participated in a scheme to set up durable medical equipment ("DME") in straw owners' names in order to conceal the true ownership of the company, often because the true owner was a convicted felon and thus ineligible to operate as a Medicare provider [ECF No. 16 p. 2]. The Defendant understood that many of her clients submitted false and fraudulent claims to Medicare based on doctors' orders that had been purchased through illegal kickback payments [ECF No. 16 p. 2]. Additionally, the Defendant owned and operated other DME companies, including JC Medical Equipment, LLC ("JC"), Trinity Medical Solutions, LLC ("Trinity"), and Alpha & Omega Medical Supplies, LLC ("Alpha & Omega") (collectively, "Defendant's DME Companies"), that submitted false and fraudulent claims to Medicare for DME products [ECF No. 16 p. 3]. The Defendant conspired to conceal her ownership in these DME companies because she knew she was ineligible to operate as a Medicare provider. Defendant's DME Companies were paid the following amounts from Medicare:

| Company | Amount |
|---|---|
| JC | $218,400.00 |
| Trinity | $562,825.00 |
| Alpha & Omega | $60,609.00 |

In or around April 2016, the Defendant opened RX Licensing and Accreditations, LLC ("RX") [ECF No. 16 p. 3]. Through RX, the Defendant purported to provide consulting services

to assist others in opening DME companies, including Anointed Medical Supplies LLC ("Anointed") and LJ Medical Supplies LLC ("LJ"), which fraudulently billed Medicare as discussed above.  As discussed in the attached declaration of Special Agent Blum, Anointed made payments to Licensing RX totaling $5,000, and LJ made payments totaling $115,135.76 [ECF No. 29-1].

Based on the record in this case, the total value of the gross proceeds traceable to Count 1 of the Information is $961,969.76, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $961,969.76 is hereby entered against the Defendant as to Count One of the Information.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

CASE NO. 21-80134-CR-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of February 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**